1  D. EDWARD HAYS, #162507
ehays@marshackhays.com
2  LAILA MASUD, #311731
lmasud@marshackhays.com
3  MARSHACK HAYS WOOD LLP
870 Roosevelt
4  Irvine, California 92620
Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Proposed Attorneys for Debtor-in-Possession
WAGNER A. LEMUS
7

8              UNITED STATES BANKRUPTCY COURT

9         CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

10

11 | In re | Case No. 6:23-bk-15118-WJ |
12 | WAGNER A. LEMUS, | Chapter 11 |
13 | Debtor. | APPLICATION BY DEBTOR-IN-POSSESSION TO EMPLOY MARSHACK HAYS WOOD LLP AS GENERAL COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT |
14
15
16 | | [NO HEARING REQUIRED] |
17

18

19 TO THE HONORABLE WAYNE E. JOHNSON, UNITED STATES BANKRUPTCY COURT

20 JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

21 PARTIES:

22       WAGNER A. LEMUS, Debtor and Debtor-in-Possession ("Debtor") respectfully submits

23 this application ("Application") for entry of an Order authorizing the employment of Marshack Hays

24 Wood LLP ("Firm"), as the bankruptcy estate's ("Estate") general counsel in this case pursuant to

25 11 U.S.C. § 327. In support of this Application, Debtor respectfully represents as follows:

26 / / /

27 / / /

28 / / /

1
APPLICATION TO EMPLOY MARSHACK HAYS WOOD AS GENERAL COUNSEL

## 1.      Factual Background

On October 31, 2023 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, commencing this bankruptcy case ("Bankruptcy Case"). Debtor filed all of his Schedules, Statement of Financial Affairs, and other required documents with the petition ("Schedules"). Debtor continues to manage his affairs as debtor and debtor-in-possession under 11 U.S.C. §§ 1107(a) and 1108. No party has requested the appointment of a trustee or examiner and a committee has not yet been appointed or designated in the case.

### A.      Events that precipitated the bankruptcy, assets, conflicts, liabilities, and strategy moving forward.

#### i.  Debtor's Principal Assets

Debtor's principal asset is the real property located at 37616 Avenida La Cresta, Murrieta, CA 92562 ("La Cresta Property"). Debtor purchased the La Cresta Property on March 25, 2021, for approximately $1,325,000. The current value of the property is approximately $1,700,000.

Debtor's remaining assets include various household goods, miscellaneous clothing, jewelry, art, personal and household items, two automobiles, an ATV, two tractors, goat and chickens, and some limited cash deposits. Debtor also owns Lemus Property Investment LLC (only asset is real property located at 4510 & 4512 A, B W 167th Street, Lawndale, CA 90260 ("Triplex")). The property is vacant, has not been rented for the last five years, and is in need of substantial repairs. Debtor also has interests in LL Legacy LLC (not active – no assets), and Wal Capital LLC (which is owned by both Debtor and his ex-spouse, Gina Lemus). Wal Capital LLC is a pass-through entity that owns a portion of Fidelis. Fidelis is an operating business and the primary source of Debtor's income. The value of Fidelis is a disputed issue in the divorce proceeding. Debtor also has an interest in JC Management Trust, which is owned by both Debtor and his ex-spouse, Gina Lemus. The JC Management Trust owns Wal Capital LLC and has no value. Debtor also has an IRA totaling $79,436.58, and a 401(k) totaling $47,000.

/ / /

/ / /

## ii.  Properties Held by Debtor's Ex-Spouse

Debtor has been involved in an ongoing dissolution proceeding since 2018 with his ex-spouse, Gina Lemus. The Vargas Property, the Buckden Property, and the Triplex are in dispute.

**Vargas Property:** Debtor owns the property located at 2617 Vargas Way, Redondo Beach, CA 90278 ("Vargas Property"). The Vargas Property was purchased in June 2013 for $697,000. The current principal balance of the mortgage is approximately $384,000. The fair market value is approximately $2,000,000. Debtor's ex-spouse, Gina Lemus, resides part-time in the Vargas Property. She has been making mortgage payments, tax installments, and insurance payments. Debtor does not have access to that information.

**113 Buckden Place, Cary, North Carolina:** Debtor and Gina Lemus, as Trustee of the Wagigi Family Trust, own the property located at 113 Buckden Place, Cary, North Carolina ("Buckden Property"). The Buckden Property was purchased on March 14, 2018 for $385,000. The current principal balance of the mortgage is approximately $273,000. The fair market value is approximately $710,000. Debtor's ex-spouse, Gina Lemus, resides part-time in the Buckden Property. She makes mortgage payments, tax installments, and insurance payments. Debtor does not have access to that information.

## iii.  Debtor's Principal Liabilities

Debtor's principal liabilities are three deeds of trust secured by the various properties and tax liens that are cross collateralized on the various properties. Specifically, (1) the La Cresta Property is encumbered by a hard money loan for $920,500; (2) the Vargas Property is encumbered by a deed of trust in favor of Mr. Cooper ("Mr. Cooper DOT") which secures a loan with an outstanding balance as of the Petition Date of approximately $384,000; (3) the Buckden Property is encumbered by a deed of trust in favor of JP Morgan Chase ("Chase DOT") which secures a loan with an outstanding balance as of the Petition Date of approximately $273,000.

Further, Debtor has disputed tax debt of approximately $3.5 million. The Debtor believes the tax liens encumber at least the La Cresta Property, the Vargas Property, and the Triplex (which is owned by the LLC).

/ / /

APPLICATION TO EMPLOY MARSHACK HAYS WOOD AS GENERAL COUNSEL

### iv.  Strategy Moving Forward

Debtor's main objective in this case is to propose a plan that will satisfy all community claims, provide for the projected surplus of community property to be divided with his former spouse, Gina, and to reorganize his financial affairs and remaining debts. Specifically, the Firm may be required to assist Debtor in the following matters:

a.     To represent Debtor in any proceeding or hearing in the Bankruptcy Court and in any action where the rights of the Estate or Debtor may be litigated or affected;

b.     To prepare and assist in the preparation of reports, accounts, applications, motions, complaints, and orders;

c.     To perform any and all other legal services incident and necessary for the smooth administration of this bankruptcy case; and

d.     To propose a plan that will reorganize Debtor's financial affairs and provide for payments to be made to creditors.

## 2.     Requirements for Application to Employ Professional

Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 2014-1 of the Local Bankruptcy Rules ("LBR"), there follows a summary of the proposed employment of the Firm. Should the Office of the United States Trustee, the Court, or any party in interest request additional information, the Firm will provide a supplemental declaration prior to any hearing on this Application

### i.  LBR 2014-1(b)(1)(A) and LBR 2014-1(b)(3)(B)
### Employment and Compensation.

Pursuant to LBR 2014-1(b)(1)(A), "[a]n application seeking approval of employment of a professional person pursuant to 11 U.S.C. §§ 327, 328, 1103(a), or 1114 must comply with the requirements of FRBP 2014 and 6003(a) and be filed with the court. The application must specify unambiguously whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

Pursuant to LBR 2014-1(b)(3)(B), the Notice of the Application must also "[s]tate whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

APPLICATION TO EMPLOY MARSHACK HAYS WOOD AS GENERAL COUNSEL

Debtor seeks employment the Firm pursuant to 11 U.S.C. § 327. The Firm will seek compensation pursuant to 11 U.S.C. §§ 330 and 331.

### ii.  FRBP 2014.

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides as follows:

An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States Trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Debtor is seeking employment of the Firm. A copy of this Application will be served on the Office of the United States Trustee.

### (a) FRBP 2014 - Facts Showing the Necessity for the Employment.

Debtor requires the assistance of counsel to:

- To advise and assist Debtor with respect to compliance with the requirements of the Office of the United States Trustee;

- To conduct examinations of the witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, applications, motions, complaints, and orders;

APPLICATION TO EMPLOY MARSHACK HAYS WOOD AS GENERAL COUNSEL

- To advise Debtor regarding matters of bankruptcy laws, including the rights and remedies of the Estate with regard to its assets and to the claims of its creditors;

- To represent Debtor in any proceedings or hearings in this Court and any proceeding in any other court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

- To advise Debtor concerning the requirements of the Bankruptcy Court, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules;

- To file any motions, applications, or other pleadings appropriate to effectuate the reorganization of Debtor;

- To review claims filed in Debtor's case, and, if appropriate, to prepare and file objections to disputed claims;

- To represent Debtor in litigation affecting the Estate, as may be requested by Debtor;

- To assist Debtor in the negotiation, formulation, confirmation, and implementation of a Chapter 11 plan and disclosure statement; and

- To take such other action and perform such other services as Debtor may require of the Firm in connection with its Chapter 11 case.

### a. FRBP 2014 and LBR 2014-1(b)(3)(A) - Name of the Person to Be Employed.

In addition to the provisions of Rule 2014 of the FRBP, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the purpose and scope for which it is being employed" (*emphasis added*).

Debtor seeks to employ the law firm of Marshack Hays LLP. Pursuant to Rule 2014(b) of the Federal Rules of Bankruptcy Procedure, partners, members, and regular associates of the Firm will act as attorneys for the Estate without further order of the court.

The professionals and paraprofessionals who may render services in connection with the Firm's representation of the Estate are identified in the Firm's billing detail, to be submitted with each application for allowance of fees and reimbursement of costs, by their initials. Those persons are:

APPLICATION TO EMPLOY MARSHACK HAYS WOOD AS GENERAL COUNSEL

| Partners | Of Counsel | Paralegals |
|---|---|---|
| Richard A. Marshack | Kristine A. Thagard | Pamela Kraus |
| D. Edward Hays | Matthew W. Grimshaw | Chanel Mendoza |
| Chad V. Haes | Associates | Layla Buchanan |
| David A. Wood | Laila Masud | Cynthia Bastida |
|  | Tinho Mang | Kathleen Frederick |
|  | Bradford N. Barnhardt |  |
|  | Sarah R. Hasselberger |  |

### (b) FRBP 2014 and LBR 2014-1(b)(3)(A) - Reasons for the Selection.

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the purpose and scope for which it is being employed" (emphasis added).

Debtor believes that the Firm is well-qualified to render the requested professional services to the Estate. As described above, the Firm comprises attorneys who have extensive experience in Chapter 11 bankruptcy cases. The Firm is experienced in debtor/creditor matters, including the representation of Chapter 11 debtors-in-possession and Chapter 7 debtors, and Chapter 11 and 7 Trustees in cases containing a multitude of complex bankruptcy and family law matters. The members of the Firm have a combined Bankruptcy Court practice of decades, and the Firm has handled most issues that routinely arise in the context of a bankruptcy case.

All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California, the United States District Court for the Central District of California, and this Court. A biography of each professional of the Firm and a list of the current hourly billing rates is attached as **Exhibit 1** to the Hays Declaration.

The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

### (c) FRBP 2014 and LBR 2014-1(b)(3)(A) - Professional Services to be Rendered.

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the

APPLICATION TO EMPLOY MARSHACK HAYS WOOD AS GENERAL COUNSEL

professional and the purpose and scope for which it is being employed" (*emphasis added*).

In this case, Debtor requires assistance of counsel to:

- To advise and assist Debtor with respect to compliance with the requirements of the Office of the United States Trustee;

- To conduct examinations of the witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, applications, motions, complaints, and orders;

- To advise Debtor regarding matters of bankruptcy laws, including the rights and remedies of Debtor in regard to its assets and to the claims of its creditors;

- To represent Debtor in any proceedings or hearings in this Court and any proceeding in any other court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

- To advise Debtor concerning the requirements of the Bankruptcy Court, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules;

- To file any motions, applications, or other pleadings appropriate to effectuate the reorganization of Debtor;

- To review claims filed in Debtor's case, and, if appropriate, to prepare and file objections to disputed claims;

- To represent Debtor in litigation affecting the Estate, as may be requested by Debtor;

- To assist Debtor in the negotiation, formulation, confirmation, and implementation of a Chapter 11 plan and disclosure statement; and

- To take such other action and perform such other services as Debtor may require of the Firm in connection with its Chapter 11 case.

## (d) FRBP 2014 and LBR 2014-1(b)(3)(C) - Proposed Compensation.

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(C) provides that the Notice of the Application must "[d]escribe the arrangements

APPLICATION TO EMPLOY MARSHACK HAYS WOOD AS GENERAL COUNSEL

for compensation, including the hourly rate of each professional to render services, source of the fees, the source and amount of any retainer, the date on which it was paid, and any provision regarding replenishment thereof[.]"

The Firm will render services to Debtor at the Firm's regular hourly rates, which may be adjusted from time to time. The Firm's current hourly billing rates are as follows:

| Partners | Rates | Of Counsel | Rates | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack | $690 | Kristine A. Thagard | $590 | Pamela Kraus | $290 |
| D. Edward Hays | $690 | Matthew W. Grimshaw | $590 | Chanel Mendoza | $290 |
| David A. Wood | $550 | Chad V. Haes | $550 | Layla Buchanan | $290 |
| Laila Masud | $460 | Associates | Rates | Cynthia Bastida | $290 |
| | | Tinho Mang | $430 | Kathleen Frederick | $260 |
| | | Bradford N. Barnhardt | $360 | | |
| | | Sarah R. Hasselberger | $340 | | |

The Firm understands that its compensation in this case is subject to approval by the Bankruptcy Court. In compliance with 11 U.S.C. §§ 330 and 331, the Firm intends to file interim and final applications for allowance of fees and reimbursement of costs as and when appropriate. In this case, the Firm has received an $80,000 retainer paid by Debtor for the services that it will perform in this matter. *See* Hays Dec., ¶ 13.

The Firm has advised Debtor that the Firm has not shared or agreed to share any compensation to be received by it in this case with any other person, except as among partners of the Firm.

## (e) FRBP 2014 - Firm's Connections and Associations.

Except as disclosed herein and to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys or paraprofessionals comprising or employed by it, has any connection with Debtor or Debtor's attorneys or accountants, Debtor's creditors, or any other party in interest, or their respective attorneys or accountants. *See* Hays Declaration (explaining conflicts check process).

Based on the foregoing, Debtor believes that the Firm is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

The Firm does not have an interest adverse to Debtor or the bankruptcy Estate. As of the Petition Date, the Firm was not a creditor of the Estate and was not owed any funds by Debtor.

To the best of the Firm's knowledge, and as set forth in the attached Hays Declaration, none of the attorneys comprising or employed by the Firm has any connection with any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee, except that: (1) Richard A. Marshack is a panel Chapter 7 trustee; and (2) applicant has served as general counsel to Richard A. Marshack in his capacity as a Chapter 7 Trustee; (3) several of the Firm's attorneys have served as law clerks or externs to various Bankruptcy Judges in the United States Bankruptcy Court, Central District of California, but not the presiding judge in this case; and (4) two judges of the United States Bankruptcy Court for the Central District of California, but not the presiding judge in this case, have performed civil marriage ceremonies for members of the Firm or their family members.

### iii.  LBR 2014-1(b)(1)(B) – Disinterestedness of the Firm.

Pursuant to LBR 2014-1(b)(1)(B), "[t]he application must be accompanied by a declaration of the person to be employed establishing disinterestedness or disclosing the nature of any interest held by such person." The Hays Declaration submitted with this Application provides information establishing the Firm's disinterestedness. *See* Hays Declaration (explaining conflicts check process).

### iv.  LBR 2014-1(b)(1)(C) – Service on Office of the United States Trustee.

Pursuant to LBR 2014-1(b)(1)(C), "The United States Trustee must be served, in accordance with LBR 2002-2(a), with a copy of the application and supporting declaration not later than the day it is filed with the court. No hearing is required unless requested by the United States trustee or a party in interest, or as otherwise ordered by the court." As set forth in the sworn Proof of Service filed contemporaneously with this document, the Firm served a copy of this Application on the Office of the United States Trustee on the date this Application was filed with the Court.

/ / /

/ / /

APPLICATION TO EMPLOY MARSHACK HAYS WOOD AS GENERAL COUNSEL

## B. Conclusion

WHEREFORE, the Debtor requests that he be authorized to employ the Firm, as his general counsel pursuant to 11 U.S.C. § 327 at the Firm's hourly rates with any compensation and reimbursement of costs to be paid by the Estate only upon application to and approval by the Court pursuant to 11 U.S.C. §§ 330 and 331. The Firm will hold and not draw down on its retainer absent compliance with the 10-day professional fee statement procedures or further Court order.

DATED: December 1, 2023                     MARSHACK HAYS WOOD LLP


By: */s/ D. Edward Hays*_____
    D. EDWARD HAYS
    SARAH R. HASSELBERGER
    Proposed General Counsel for Debtor and Debtor-
    in-Possession, WAGNER LEMUS

APPLICATION TO EMPLOY MARSHACK HAYS WOOD AS GENERAL COUNSEL

# Declaration of D. Edward Hays

I, D. EDWARD HAYS, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

3.      I am partner in the law firm of Marshack Hays Wood LLP ("Firm") and maintain offices at 870 Roosevelt, Irvine, California, 92620.

4.      I make this Declaration in support of the Application of Debtor to Employ Marshack Hays Wood LLP as General Counsel ("Application").

5.      If called as a witness, I could and would competently testify to the following of my own personal knowledge.

6.      All terms not defined herein are used as they are defined above in the Application.

7.      Debtor has asked that the Firm serve as his counsel in connection with the administration of the Estate. The Firm is well-qualified to do so.

8.      The Firm comprises attorneys who have extensive experience in Chapter 11 bankruptcy cases. The Firm is experienced in debtor/creditor matters, including the representation of Chapter 11 debtors-in-possession and Chapter 7 debtors, and Chapter 11 and 7 Trustees in cases containing a multitude of complex bankruptcy and family law matters. The members of the Firm have a combined Bankruptcy Court practice of decades, and the Firm has handled many of the issues that routinely arise in the context of a bankruptcy case.

9.      Debtor seeks to employ the Firm to assist him in the negotiation, formulation, confirmation, and implementation of a Chapter 11 plan and disclosure statement.

10.     All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. A biography of each professional of the Firm with billing rates is attached as **Exhibit 1** and incorporated by this reference.

APPLICATION TO EMPLOY MARSHACK HAYS WOOD AS GENERAL COUNSEL

11.     The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

12.     The Firm's current hourly billing rates are as follows:

| Partners | $460 to $690 |
|---|---|
| Associates | $340 to $430 |
| Paralegals | $260 to $290 |

13.     The Firm has received a retainer paid by Debtor for the services that it will perform in this matter. Prior to the petition date, the Firm received a retainer of payment of $80,000. Debtor borrowed the funds that were used to pay the retainer from Fidelis. Debtor owns one-half of Fidelis.

14.     Debtor previously filed bankruptcy, Case No. 6:23-bk-13691. This previous case was dismissed for failure to file documents. Because the Firm needed to re-file the Debtor's case to avoid harm to Debtor, the Estate, and its creditors, the Firm did not have time to seek allowance and payment of the fees and costs incurred in the prior case. To avoid any conflict or issue that could render the firm not disinterested, the Firm has released Debtor and the Estate from any liability for any such fees and costs.

15.     The Firm understands that its compensation in this case is subject to approval of this Court pursuant to 11 U.S.C. §§ 327, 330, and 331.

16.     The Firm has not shared or agreed to share any compensation to be received by it in the case with any other person, except as among partners of the Firm.

17.     The Firm's practice is limited exclusively to matters of bankruptcy, insolvency, and reorganization. The Firm does not have a "commercial" practice outside of bankruptcy.

18.     From its inception, the Firm has maintained databases of all bankruptcy cases in which it has been employed, through document management and billing systems. For every new potential case where the Firm is employed, a search of these databases of the Debtor(s) and all creditors is performed to ascertain if the Firm has any previous relationship that would prevent its employment in the case.

19.     In this case, the Firm completed a conflicts check prior to submitting the Application by using the information provided by the Debtor in his petition against the Firm's databases. As a

result of the conflicts check, no relationship was identified that would prevent employment in this matter.

20.    The Firm believes it is a "disinterested person" as that term is defined in 11 U.S.C. §101(14).

21.    To the best of my knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with Debtor or Debtor's attorneys or accountants, Debtor's creditors, or any other outside party in interest, or their respective attorneys or accountants.

22.    The Firm is not and was not an investment banker for any outstanding security of the Debtor.

23.    The Firm has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of Debtor.

24.    The Firm is not and was not, within two (2) years before the date of the filing of Debtor's petition, a director, officer or employee of the Debtor or of any investment banker for any security of Debtor.

25.    As of the Petition Date, the Firm was not a creditor of the Estate, an equity security holder, or an insider of Debtor. The Firm has no pre-petition claim against Debtor's Estate and was not owed any funds by Debtor.

26.    The Firm neither holds nor represents any interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or an investment banker for any security of Debtor, or for any other reason.

27.    To the best of the Firm's knowledge, none of the attorneys comprising or employed by the Firm has any connection with any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee, except that: (1) Richard A. Marshack is a panel Chapter 7 trustee; and (2) applicant has served as general counsel to Richard A. Marshack in his capacity as a Chapter 7 Trustee; (3) several of the Firm's attorneys have served as law clerks or externs to various

Bankruptcy Judges in the United States Bankruptcy Court, Central District of California, but not the

presiding judge in this case; and (4) two judges of the United States Bankruptcy Court for the

Central District of California, but not the presiding judge in this case, have performed civil marriage

ceremonies for members of the Firm or their family members.

28.     The Firm does not have an interest adverse to Debtor or the bankruptcy Estate.

29.     Based on the foregoing, the Debtor believes that the Firm is a "disinterested person"

within the meaning of Bankruptcy Code § 101(14).

I declare under penalty of perjury that the foregoing is true and correct. Executed on

December 1, 2023.

/s/ D. Edward Hays
D. EDWARD HAYS

APPLICATION TO EMPLOY MARSHACK HAYS WOOD AS GENERAL COUNSEL

# Exhibit "1"

## PARTNERS

### RICHARD A. MARSHACK

Richard A. Marshack is a founding member of the firm of Marshack Hays Wood LLP. He was born in Las Vegas, Nevada, June 21, 1958. He graduated from University of California at Irvine in 1979 with a Bachelor of Arts degree and California Western School of Law (J.D. Magna Cum Laude, 1982). Recipient, American Jurisprudence Award: Agency and Partnership. Staff Writer, 1980-1981 and Lead Articles Editor, 1981-1982 California Western Law Review. He was admitted to the California Bar in 1982 and the U. S. District Court, Central and Southern Districts of California and U. S. Court of Appeals, Ninth Circuit, 1984.

Mr. Marshack was Law Clerk to the Honorable Folger Johnson, Chief Judge, United States Bankruptcy Court, District of Oregon, 1982-1984, and an Adjunct Professor: Bankruptcy Law, Western States University College of Law, Bankruptcy Law, 1993; Bankruptcy Law, University of California, Irvine, 1985-1992.

Mr. Marshack has authored several articles, including: "The Toxic Claim: Using Bankruptcy Law to Limit Environmental Liabilities," California Bankruptcy Journal, Volume 19, Number 3, 1991; "Recent Developments Under Section 546 of the Bankruptcy Code," Tactics for Unsecured Creditors of Bankrupt Debtors," California Lawyer 21, August, 1984; "Adequate Protection for the Unsecured Creditor Under the Bankruptcy Code", Commercial Law Journal 621, December 1983; "Recent Developments for Reclaiming Goods Under the Bankruptcy Code and the Uniform Commercial Code, "Uniform Commercial Code Law Journal 187, July, 1983; "Reclamation of Goods Under the Bankruptcy Code," Oregon Debtor-Creditor News Letter, I, July 1983; "*Sindell vs. Abbot Laboratories*: Is Market Share Liability the Best Remedy to the DES Controversy" California Western Law Review 143, 1981.

Memberships: Orange County Bankruptcy Forum, Director and President 1995-96; Orange County Bar Association (Commercial Law & Bankruptcy Section), Chairman, 1989; California State Bar Association; Commercial Law League of America; Los Angeles Bankruptcy Forum.

*Panel Bankruptcy Trustee for U.*S. *Bankruptcy Court, Central District of California,* 1985 - *Present.*

### D. EDWARD HAYS

Ed is a founding member of the firm of Marshack Hays LLP. He graduated with honors from California State University at Fullerton in 1989 with a Bachelor of Arts degree in Business. He graduated from the University of Southern California Law Center in 1992 where he was a member of the Hale Moot Court Honors program. Mr. Hays was admitted to practice in 1992. Ed has been certified as a bankruptcy law specialist by the State Bar of California.

Ed focuses his practice on bankruptcy and litigation matters. In 2020, he was the President of the California Bankruptcy Forum. In 2000 and 2017, he served as Chair of the Commercial Law & Bankruptcy Section of the Orange County Bar Association. He also has served as a Director or

member of the following organizations: the Inland Empire Bankruptcy Forum; the Orange County Bankruptcy Forum; the William P. Gray Legion Lex American Inns of Court, the Federal Bar Association, and the Executive Council for the College of Business at Cal State Fullerton. In 1998 and 1999, Mr. Hays also served as a Judge Pro Tem for the Superior Court of the State of California, County of Los Angeles. Ed has been selected on numerous occasions to present continuing education lectures on various legal topics including bankruptcy, litigation, exemptions, and legal research. He has spoken at the National Conference of Bankruptcy Judges, the National Association of Bankruptcy Trustees, the National Association of Consumer Bankruptcy Attorneys, the California Bankruptcy Forum, the Orange County Bankruptcy Forum, the Inland Empire Bankruptcy Forum, the Orange County Bar Association, and the Office of the United States Trustee for multiple Regions. He also served on the Central District Task Force for Amendments to the Local Bankruptcy Rules.

Ed's published cases include:

- *In re Brace, 9 Cal.5th 903 (Cal. Supreme Court 2020)*
- *Richards v. Marshack (In re Richards), 644 B.R. 544 (Distr. C.D.Cal. 2022)*
- *Legal Serv. Bureau, Inc. v. Orange Cnty. Bail Bonds, Inc. (In re Orange Cnty. Bail Bonds, Inc.), 638 B.R. 137 (9th Cir. BAP 2022)*
- *In re Eagan Avenatti, LLP, 637 B.R. 502 (Bankr. C.D.Cal. 2022)*
- *Patow v. Marshack (In re Patow), 632 B.R. 195 (9th Cir. BAP 2021)*
- *In re Brace, 979 F.3d 1228 (9th Cir. 2020)*
- *In re Nolan, 618 B.R. 860 (Bankr. C.D.Cal. 2020)*
- *Jue v. Liu (In re Liu), 611 B.R. 864 (9th Cir. BAP 2020)*
- *Naylor v. Farrell (In re Farrell), 610 B.R. 317 (Bankr. C.D.Cal. 2019)*
- *In re Roger, 393 F.Supp.3d 940 (Distr. Cal. 2019)*
- *Brace v. Speier, 908 F.3d 531 (9th Cor. 2018)*
- *Slaieh v. Simons, 548 B.R. 28 (Distr. Cal. 2018)*
- *Cal. Corr. Peace Officers Ass'n Ben. Trust Fund v. Corbett (In re Corbett),*
- *2017 U.S.Dist. Lexis 108925 (E.D. Cal. 2017)*
- *Brace v. Speier (In re Brace), 566 B.R. 13 (9th Cir. BAP 2017)*
- *In re DRI Cos. v. Sunwize Techs. Inc. (In re DRI Cos.), 552 B.R. 195 (Bankr. C.D.Cal. 2016)*
- *Stahl v. Whelan Elec., Inc. (In re Modtech Holdings), 503 B.R. 737 (Bankr. C.D.Cal. 2013)*
- *In re Cusimano, 2013 WL 9736597 (Bankr. C.D.Cal. 2013)*
- *In re Cass, 476 B.R. 602 (Bankr. C.D.Cal. 2012)*
- *In re Four Star Financial Services, Inc.,*
- *444 B.R. 428 (Bankr. C.D.Cal. 2011) rev'd 469 B.R. 30 (D.Cal. 2012)*
- *In re Rinard, 415 B.R. 12 (Bankr. C.D.Cal. 2011)*
- *In re Dick Cepek, 339 B.R. 730 (9th Cir. BAP 2006)*
- *In re Dudley, 249 F.3d 1170 (9th Cir. 2001)*
- *In re Kim, 257 B.R. 680 (9th Cir. BAP 2000)*
- *In re Kuraishi, 237 B.R. 172 (Bankr. C.D.Cal. 1999)*
- *Blonder v. Cumberland Engineering, (1999) 71 Cal.App.4th 1057, 84 Cal.Rptr.2d 216*
- *In re Metz, 225 B.R. 173 (9th Cir. BAP 1998)*
- *In re National Environmental Waste Corporation, 191 B.R. 832 (Bankr. C.D.Cal. 1996) aff'd 129 F.3d 1052 (9th Cir. 1997)*

- *In re Turner, 186 B.R. 108 (9th Cir. BAP 1995)*
- *In re Continental Capital & Credit,* 158 B.R. 828 (Bankr. C.D.Cal. 1993)

Ed and his wife, Sarah Cate Hays, have also co-authored the following law review articles published in the California Bankruptcy Journal:

- *The Client Without a Remedy and the Windfall Estate – The Case for Debtor Ownership of Malpractice Claims Against Bankruptcy Counsel* (32 Cal. Bank. J. 65 (2012));
- *The Same Love – Marriage Equality in Bankruptcy Post-DOMA and the Evolving Rights of Registered Domestic Partners* (33 Cal. Bank. J. 49 (2014)); and
- *Good Help is Hard to Fund: The Problem of Earned Upon Receipt Retainers and Pre-Funded Litigation in Bankruptcy* (33 Cal. Bankr. J. 421 (2016)).

## DAVID A. WOOD

David A. Wood focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights.

Mr. Wood earned his Bachelor of Arts degree from Biola University in 2003, where he graduated magna cum laude. Thereafter, Mr. Wood was a senior associate at Alfred Gobar Associates, a firm specializing in developing econometric modeling systems to evaluate land development opportunities, and the existence of economic blight. He earned his law degree from Chapman University School of Law in 2010, where he graduated in the top 6% of his class. Prior to joining Marshack Hays, Mr. Wood served a two-and-a-half year term as the judicial law clerk to the Honorable Erithe A. Smith of the United States Bankruptcy Court for the Central District of California, Santa Ana Division. Mr. Wood also externed for Honorable Theodor C. Albert of the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

While in law school, Mr. Wood was a symposium editor for the Chapman Law Review and the recipient of the CALI Excellence Award for Immigration Law and Select Topics in American Law.

## LAILA MASUD

Laila Masud focuses her practice in bankruptcy and business litigation, including lender liability and creditors' rights. Ms. Masud graduated cum laude from the University of California, Irvine in 2012. She earned her law degree from Pepperdine University School of Law in 2016. She was admitted to practice law in California in 2016. Prior to joining Marshack Hays, Ms. Masud served as a judicial law clerk to the Honorable Thomas B. Donovan at the United States Bankruptcy Court for the Central District of California, Los Angeles Division. During law school, as an extern for the Honorable Vincent P. Zurzolo at the United States Bankruptcy Court for the Central District of California, Los Angeles Division, she served on the Rules Committee where she conducted research and wrote on various issues of bankruptcy law, including local court forms, rules and procedures. She also served as a student leader and was nominated for The Parris Institute for Professional Formation Award for Excellence in Leadership and Excellence in Peacemaking. Ms. Masud is conversant in Spanish, Urdu and Hindi.

In 2020, Ms. Masud served as the youngest President of the OCBA's Commercial Law and Bankruptcy Section. Ms. Masud is also a member of the International Women's Insolvency & Restructuring Confederation and in August 2020 she was profiled in the Orange County Business Journal for Woman in Law. Currently, Ms. Masud serves on the executive board for the Orange County Bankruptcy Forum.

## ATTORNEYS

**KRISTINE A. THAGARD** focuses her practice on contract, construction, loan enforcement (including lender's right to insurance proceeds and guarantees), purchase and sale transactions, partnership dispute, toxic cleanup and environmental contamination, broker malfeasance, fiduciary duty (broker/agent, partnership and trust), and insurance (negotiation, bad faith, and declaratory relief). She has significant litigation experience in multi-party complex construction defect actions, all aspects of general/commercial liability defense (construction, product and premise liability), subrogation, and real estate (broker/agent, contract, title, contract and fraud).

Ms. Thagard was born in Lynwood, California and graduated cum laude from Menlo College where she served on the Board of Trustees for 9 years. She received her J.D. from the University of Southern California in 1980. While in law school she served as a judicial extern to the Honorable Robert Kingsly, Second Appellate District Court of Appeal. She is admitted to practice in both California (1980) and Nevada (2001) as well as the Federal Courts of both states. She also holds a California Real Estate Broker's License.

**MATTHEW W. GRIMSHAW** focuses his practice on insolvency law and litigation. He represents parties in all aspects of bankruptcy matters and out-of-court restructurings. He also has significant experience litigating and advising clients on issues resulting from the debtor-creditor relationship, including the enforcement of notes and guarantees, writs of attachment, receiverships, wrongful foreclosures, mortgage elimination scams, and injunctions.

Mr. Grimshaw was born in Mesa, Arizona. He graduated from Brigham Young University with a Bachelor of Arts degree in Economics. He graduated with honors from Willamette University College of Law, where he served as the editor-in-chief of the school's Journal of International Law and Dispute Resolution. Mr. Grimshaw was admitted to practice law in California in 2000.

Mr. Grimshaw served a two-year term as a judicial law clerk to the Honorable John E. Ryan. During his first year, Mr. Grimshaw served as Judge Ryan's trial law clerk. During his second year, when Judge Ryan was the chief judge of the Bankruptcy Appellate Panel of the Ninth Circuit Court of Appeals, Mr. Grimshaw served as his appellate law clerk.

Mr. Grimshaw has been asked on many occasions to present lectures on various subjects, including bankruptcy, creditors' rights, and legal ethics. He has published numerous articles on bankruptcy-related topics. In 2006, he was also appointed by Ninth Circuit Court of Appeals to serve on the committee that evaluated candidates and made recommendations as to who should fill existing vacancies on the United States Bankruptcy Court for the Central District of California.

Mr. Grimshaw is a long-time member of the Board of Directors for the Orange County Bankruptcy Forum. He also served as Chair of the Commercial Law and Bankruptcy Section of the Orange County Bar Association.

## CHAD V. HAES

Chad V. Haes focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights. Mr. Haes' litigation experience includes representing institutional lenders in actions related to lien priority and wrongful foreclosure, prosecuting and enforcing mechanic's liens, seeking unlawful detainer judgments on behalf of secured lenders and representing creditors, debtors and trustees in the bankruptcy context.

Mr. Haes is a California native who earned his Bachelor of Arts degree from Azusa Pacific University in 2004 and his law degree from Southwestern Law School in 2008. Prior to joining Marshack Hays, Mr. Haes served a two-year term as the judicial law clerk to the Honorable Meredith A. Jury of the United States Bankruptcy Court for the Central District of California, Riverside Division. Mr. Haes also externed for Honorable Samuel L. Bufford of the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

While in law school, Mr. Haes was a member of the Moot Court Honors Program and the recipient of the John J. Schumacher full-tuition scholarship, the Equal Justice America fellowship, the Wiley W. Manuel Award for Pro Bono Legal Services and the CALI Excellence Award for Constitutional Law. Mr. Haes was also selected as a finalist oralist and finalist writer in the Southwestern First-Year Intramural Moot Court Competition and a finalist oralist in the Rendigs National Products Liability Moot Court Competition.

**TINHO MANG** is an attorney at Marshack Hays. He recently earned his Juris Doctorate from the University of Southern California, Gould School of Law, and prior to that, graduated *magna cum laude* from the University of California, Los Angeles. While at law school, Mr. Mang served as the Executive Senior Editor of the Southern California Review of Law and Social Justice. He also served two full-time summers and one part-time fall semester as an extern in the United States Bankruptcy Court for the Central District of California for the Honorable Scott C. Clarkson. During his externship in bankruptcy court, Mr. Mang developed a deep appreciation for the intricacies of bankruptcy practice, participating substantially in a wide variety of bankruptcy matters ranging from Chapter 11 confirmations, adversarial proceedings for lien avoidance, and a trial seeking to avoid a preferential or fraudulent transfer. Mr. Mang was sworn in as a member of the California State Bar on November 27, 2018.

**BRADFORD N. BARNHARDT** is an associate attorney at Marshack Hays.  Before joining the firm, he completed a two-year judicial law clerkship for the Honorable Sandra R. Klein at the U.S. Bankruptcy Court in Los Angeles.  Brad graduated with honors and in the top 10% of his class from Emory University School of Law and served as a Notes & Comments Editor for the Emory Bankruptcy Developments Journal.  He received a Bachelor of Arts, summa cum laude, in English and mathematics from the University of Missouri and was elected to Phi Beta Kappa during his junior year.

**SARAH HASSELBERGER** is an associate attorney at Marshack Hays. Before joining the firm, she served as a judicial law clerk for the Honorable Scott H. Yun at the U.S. Bankruptcy Court for the Central District of California. Sarah received a merit scholarship and graduated in the top 7% of her class from Chapman University Dale E. Fowler School of Law. During law school, Sarah worked as a law clerk for Marshack Hays and served as a judicial extern for the Honorable Scott H. Yun and the Honorable Theodor C. Albert in the U. S. Bankruptcy Court for the Central District of California. Sarah received her Bachelor of Science, cum laude, in Arts Administration from Wagner College in Staten Island, New York.

## PARALEGALS AND TRUSTEE ADMINISTRATORS

**PAMELA KRAUS**, Trustee Case Administrator and Paralegal 1990 to Present; Education: Coastline Community College, Costa Mesa (A.A. 2004); Legal Assistant Training Program, Coastline Community College, American Bar Association Certification (Completion 2004). Member: National Association of Bankruptcy Trustees.

**CHANEL MENDOZA,** Experience: Ms. Mendoza is a seasoned litigation and bankruptcy Senior Paralegal. She has more than twenty years of law related experience comprising of workers' compensation, personal injury, business litigation, employment law, and bankruptcy, all while working under the direct supervision of active members of the California State Bar. Ms. Mendoza has also worked fourteen of those years under the direction and supervision of Marshack Hays Wood LLP's founding partner, D. Edward Hays. Ms. Mendoza has federal and state court experience, including extensive trial and appellate knowledge. Ms. Mendoza is a former Board Member of NALS and is a current member of the National Notary Association and Orange County Legal Secretaries Association, Inc.

**LAYLA BUCHANAN**, Experience: Ms. Buchanan is a Senior Paralegal with Marshack Hays Wood LLP and has over twenty years of law related experience. Ms. Buchanan has worked extensively in civil, bankruptcy and family law, working under the direct supervision of active members of the California State Bar. Ms. Buchanan obtained her Paralegal Certificate from Coastline Community College's ABA accredited program. Member: Orange County Legal Secretaries Association, and Orange County Paralegal Association. Ms. Buchanan has extensive knowledge in all aspects of state and federal court litigation and bankruptcy practices.

**CYNTHIA BASTIDA**, Experience: Ms. Bastida is a Senior Paralegal with Marshack Hays Wood LLP and has over twenty years of experience working as a Legal Assistant/Paralegal. She has her Paralegal Certificate (completion in 1991) and earned a Bachelor of Arts in Psychology from California State University Fullerton in 2004. She has a wide range of experience from civil litigation, bankruptcy, product liability, lemon law, real estate and corporate law as well as eminent domain. Her skills include: Legal research, trial preparation along with drafting numerous fee applications, petitions, proofs of claim, notices, motions and discovery. Cynthia is a member of Orange County Legal Secretary Association (OCLSA).

**KATHLEEN FREDERICK**, Experience: Mrs. Frederick is a Junior Paralegal with Marshack Hays Wood LLP. Mrs. Frederick graduated from the University of California, Los Angeles in 2008 with a bachelor's degree in English. She obtained her Paralegal Certificate from Coastline Community College's ABA accredited program in May of 2018. She has been working with the firm for more than five years and has over ten years legal experience. Mrs. Frederick is a member of the Orange County Paralegal Association and the National Association of Legal Assistants.

Billing Rates:

| Partners | Rates | Of Counsel | Rates | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack | $690 | Kristine A. Thagard | $590 | Pamela Kraus | $290 |
| D. Edward Hays | $690 | Matthew W. Grimshaw | $590 | Chanel Mendoza | $290 |
| David A. Wood | $550 | Chad V. Haes | $550 | Layla Buchanan | $290 |
| Laila Masud | $460 | Associates | Rates | Cynthia Bastida | $290 |
| | | Tinho Mang | $430 | Kathleen Frederick | $260 |
| | | Bradford N. Barnhardt | $360 | | |
| | | Sarah R. Hasselberger | $340 | | |

4820-8433-8821, v. 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **APPLICATION BY DEBTOR-IN-POSSESSION TO EMPLOY MARSHACK HAYS WOOD LLP AS GENERAL COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 1, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **December 1, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR**
WAGNER A. LEMUS
37616 AVENIDA LA CRESTA
MURRIETA, CA 92562

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 1, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

PURSUANT TO THE CENTRAL GUIDE SUPPLEMENT TO LBR 5005-2(d), SERVING A JUDGE'S COPY OF DOCUMENTS, §2.2(c), A NON-HEARING MOTION WHEN THE RESPONSE DEADLINE HAS NOT PASSED SHOULD NOT BE SERVED UPON THE JUDGE.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 1, 2023 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **INTERESTED PARTY COURTESY NEF:** Alexandra Eaker Perez aperez@eakerperezlaw.com
   - **ATTORNEY FOR U.S. TRUSTEE:** Abram Feuerstein abram.s.feuerstein@usdoj.gov
   - **INTERESTED PARTY COURTESY NEF:** Todd S. Garan ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
   - **ATTORNEY FOR U.S. TRUSTEE:** Everett L Green everett.l.green@usdoj.gov
   - **ATTORNEY FOR DEBTOR WAGNER A. LEMUS:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **CHAPTER 11 SUBCHAPTER V TRUSTEE GREGORY KENT JONES:** Gregory Kent Jones (TR) gjones@sycr.com, smjohnson@sycr.com; C191@ecfcbis.com; cpesis@stradlinglaw.com
   - **ATTORNEY FOR DEBTOR WAGNER A. LEMUS:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **INTERESTED PARTY COURTESY NEF:** Daniel H Reiss dhr@lnbyg.com, dhr@ecf.inforuptcy.com
   - **ATTORNEY FOR U.S. TRUSTEE:** Cameron C Ridley Cameron.Ridley@usdoj.gov
   - **U.S. TRUSTEE:** United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

4858-6200-7444, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**